**Opinion filed September 21, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00142-CV

_____

## IN THE INTEREST OF B.H. AND B.H., CHILDREN

---

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 10776-CX**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of B.H. and B.H. The trial court found, by clear and convincing evidence, that the mother and the father executed unrevoked or irrevocable affidavits of relinquishment of their parental rights for each child pursuant to subsection 161.001(b)(1)(K) of the Texas Family Code. *See* TEX. FAM. CODE. ANN. § 161.001(b)(1)(K) (West 2022). The trial court also found by clear and convincing evidence that termination of the parental rights of both parents were

in the children's best interest. *Id.* § 161.001(b)(2). Both parents appealed. We affirm.

The court-appointed attorneys for both the mother and the father have filed briefs in which they professionally and conscientiously examine the record and applicable law and conclude that the appeals are frivolous and without merit. The briefs meet the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978).

Each attorney has provided the mother and the father with a copy of the respective briefs and motions, and a letter explaining to the mother and the father their right to review the record and file a pro se response. Counsel for the father sent the record to the father by regular and certified mail but the mail was refused. Counsel for the mother provided a pro se motion for access to the appellate record by regular and certified mail but the mail was also refused. Repeated efforts were also made by this court to ensure access to the court by the mother and the father and to apprise the parties of the pendency of this appeal and of the actions by counsel on appeal. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). Neither the mother nor the father has filed a response to either counsel's brief.

We conclude that the mother's counsel and the father's counsel have satisfied their duties under *Anders*, *Schulman*, and *Kelly*. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this cause, and we agree that both the mother's appeal and the father's appeal are without merit. In that regard, both the mother and the father executed an affidavit of voluntary

relinquishment of parental rights with respect to both children.  *See* Fam. § 161.001(b)(1)(K).

Counsel for both the mother and the father have motions to withdraw in addition to their briefs.  We deny both motions to withdraw in light of the Texas Supreme Court's decision in *In re P.M.* because neither counsel has shown "good cause" other than the determination that an appeal would be frivolous.  *See* 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n Anders motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature.") In parental termination cases, court-appointed counsel's duty to his or her client generally extends "through the exhaustion of appeals" "including the filing of a petition for review" in the Texas Supreme Court.  *Id.*  "[A]ppointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief."  *Id.* at 27–28.

### *This Court's Ruling*

We deny counsels' motions to withdraw, and we affirm the order of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

September 21, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.